EDWARDS ET AL. v. THE VILLAGE OF OWENSVILLE ET AL.

*Right of way—Electric railroad abandoned—Poles and wires acquired by village—Injunction—Village to compensate landowner or condemn right of way—Landowner not estopped by knowledge of municipal bond issue.*

1. An interurban railroad over plaintiff's land having been abandoned, and all physical property sold to a company which scrapped and removed the same excepting the pole line and wires strung thereon, which it sold to a village for the purpose of supplying electricity to such village, plaintiff is entitled to an injunction for the removal of such poles and wires until compensation and damages are awarded and paid or secured to him in proper appropriation proceedings.

2. Plaintiff, in such case, is not estopped from claiming that the village did not acquire a right of way over the land because of the fact that he knew the village purchased the poles and issued bonds to pay for same and without his protest used such pole line for several months before he demanded that the village remove same.

(Decided November 20, 1922.)

APPEAL: Court of Appeals for Clermont county.

*Messrs. Murphy & Joseph,* for plaintiffs.
*Mr. Edwin C. Ely* and *Mr. Eli H. Speidel,* for defendants.

CUSHING, J. The questions for consideration in this case grow out of the abandonment of the Cincinnati & Columbus Electric Railroad and the acquisition by the village of Owensville of the pole line used by that company.

In 1903, by condemnation, the railroad acquired a right of way over the real estate in question. The road was sold in 1920 at receiver's sale. It

was purchased by the bondholders, acting through
the Union Savings Bank & Trust Company of
Cincinnati. The trust company sold the physical
property of the railroad to Joseph Joseph Bros.
& Co. for the purpose of junking it. That com-
pany scrapped and removed all the physical proper-
ty of the railroad except the pole line, and two
copper wires, strung on the poles. These, the
Joseph Brothers Company sold to the village of
Owensville. The money for this purchase was
raised by the sale of bonds of the village. A
special election was held in the village, authoriz-
ing its officers to issue and sell the bonds. The
purpose stated in the legislation, in the advertise-
ment calling for the special election, and on the
bonds themselves, was that their issuance and sale
was for the purpose of purchasing equipment with
which to supply electricity to the village of Owens-
ville.

Plaintiffs' land is situated about two and a
half miles east of Milford, and some nine or ten
miles west of Owensville. The right of way of
the railroad occupied 3.80 acres of plaintiffs'
land, on which was erected forty-two poles, one
hundred feet apart.

Plaintiffs claim that the defendant has no right
to use or occupy their land; that they have de-
manded that the poles be removed; that the village
has refused; and that it should be compelled by
order of this court to remove said poles and wire
from their land.

The defendant admits all the allegations of the
petition, except its right to use and maintain the
pole line on plaintiffs' land, and says that plain-
tiffs knew of the election held in the village, and

the issuance and sale of the bonds for the purpose of purchasing the equipment aforesaid, and that they at no time claimed that the village did not have a legal or an equitable right to maintain the pole line on their land after the abandonment of the railroad; and that from the time of the purchase by the village of the pole line in 1920, until a short time prior to May 20, 1921, it used the pole line without hindrance or protest by plaintiffs.

The facts present two questions for consideration:

Have plaintiffs an adequate remedy at law?

Are plaintiffs estopped from claiming that the village did not acquire a right of way over their land by the purchase of the pole line and wires from the Joseph Brothers Company and from their use by the village?

Section 19, Article I of the Constitution of Ohio, provides:

"In all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner."

This provision applies to all cases other than the making and repairing of roads.

An injunction will issue against a trespasser when property is attempted to be taken or used under the right of eminent domain without first complying with constitutional or statutory provisions.

In 5 Pomeroy's Equity Jurisprudence (2 Ed.), 4343, it is stated:

"In such cases, the courts do not stop to inquire whether the value of the property to be taken was little or great, whether the injury to the complainant was great or small, but grant the injunction first, on the ground that the constitutional provision makes the payment of a properly ascertained compensation a condition precedent to the right to take, and that injunction is the only way to enforce this provision."

The poles and wires were placed on plaintiffs' land pursuant to a right of way legally acquired by the railroad company. When the railroad was abandoned the right of way reverted to the original owners. The Joseph Brothers Company did not purchase or acquire any right in the land other than the right to go on it and remove the property it had purchased. The fact that some months elapsed between the date of the sale by the Joseph Brothers Company and the demand by the plaintiffs that the village remove the poles did not give the village any right of way over the plaintiffs' land. The rule of estoppel with reference to rights of way is stated in *Pennsylvania Co.* v. *Platt*, 47 Ohio St., 366, and need not here be restated. The facts in this case do not bring the parties within the pronouncement of the supreme court.

When land of plaintiffs is attempted to be used by a municipality or company for the purpose of operating an electric light plant, plaintiffs are entitled to an injunction until compensation and damages shall be assessed them in a proper appropriation proceeding, and paid, or secured to be paid. *Schaaf* v. *Cleveland, Medina & Southern Ry. Co.*, 66 Ohio St., 215, and *Varwig* v. *C., C., C. & St. L. Rd. Co.*, 54 Ohio St., 455.

The injunction prayed for will be granted. The defendant will be given ninety days within which to secure a right of way or to commence an appropriation proceeding for that purpose.

*Decree accordingly.*

BUCHWALTER, J., concurs.
HAMILTON, P. J., not participating.